IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADEKUNLE ADEFEYINTI,

                                                                 ORDER

                Plaintiff,

                                                08-cv-426-slc

      v.

DR. JAMES REED, and
MICHAEL CARR,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On September 4, 2008, I granted plaintiff Adekunle Adefeyinti leave to proceed in forma pauperis in this action in which he complains that defendants James Reed and Michael Carr were deliberately indifferent to his serious medical needs while he was confined at the Federal Correctional Institution in Oxford, Wisconsin. (Plaintiff currently resides at the Tri-County Detention Center in Ullin, Illinois.) Now before the court is defendant Reed's "Motion under 42 [sic] U.S.C. § 1915(g) to Bar Plaintiff from Proceeding In Forma Pauperis" (Dkt. #15).

In support of his motion, defendant Reed argues that I erred in granting plaintiff's request for leave to proceed in forma pauperis because, in defendant's view, plaintiff has

1

struck out under 28 U.S.C. § 1915(g). To support his position, defendant notes that on July 14, 2008, I assessed plaintiff one strike when I denied him leave to proceed in forma pauperis in another action, Adefeyinti v. Dodge County Detention Facility, 08-cv-319-slc, because his claims failed to state a claim upon which relief may be granted. Plaintiff earned a second strike when, on September 4, 2008, I dismissed from this action a claim that was legally meritless. Shortly thereafter, on September 10, 2008, plaintiff earned a third strike when the Court of Appeals for the Seventh Circuit dismissed plaintiff's appeal in case no. 08-cv-319-slc, for his failure to prepay the $455 filing fee, an implicit holding that plaintiff's appeal was not taken in good faith.

Defendant concedes that plaintiff's receipt of a third strike from the court of appeals in case no. 08-cv-319-slc after he filed this action has no effect on his ability to continue to prosecute this action. However, he argues that plaintiff has a history of frivolous litigation predating the date on which plaintiff filed this action. In particular, defendant lists the following actions and appeals as legally meritless and possibly warranting strikes.

- On February 28, 2007, plaintiff filed a motion for post-conviction relief under 28 U.S.C. § 2255. It was dismissed on the ground that it "plainly show[ed] that [plaintiff was] not entitled to relief."

- Plaintiff then filed two separate appeals of the dismissal of his February 28 motion. Subsequently, he dismissed one of the appeals voluntarily. He was

2

      denied a certificate of appealability with respect to the second appeal.

- On June 9, 2008, plaintiff sought permission from the Court of Appeals for the Seventh Circuit to file a successive § 2255 motion. The request was denied on the ground that Adefeyinti had raised the same issue in his first motion. Nevertheless, plaintiff persisted with a second application to file a successive motion and this time, the court of appeals threatened sanctions if plaintiff filed another frivolous request.

I am not persuaded by defendant's argument that plaintiff's meritless § 2255 motions, his appeal from the dismissal of his § 2255 motion or his ill-conceived requests to file successive motions should be counted as strikes for the purpose of § 1915(g). As defendant is aware, it is well established that petitions for writs of habeas corpus relief and post-conviction motions brought under 28 U.S.C. § 2255 are not actions to which the Prisoner Litigation Reform Act applies. Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000) ("We therefore hold that if a case is properly filed as an action under 28 U.S.C. §§ 2241, 2254, or 2255, it is not a "civil action" to which the PLRA applies."). True, an exception may apply when a prisoner uses the habeas corpus or post-conviction statutes in an attempt to disguise a civil action that should have been brought under 42 U.S.C. § 1983, Moran v. Sondalle, 218 F.3d 647, 651-52 (7th Cir. 2000), but defendant does not suggest that plaintiff's § 2255 motions were § 1983 actions in fact.

3

Because there is no sound basis for finding that plaintiff struck out before he filed this action, defendant Reed's motion to curtail further activity in this case until plaintiff prepays the filing fee will be denied.

ORDER

IT IS ORDERED that defendant James Reed's motion to bar plaintiff from proceeding <u>in forma pauperis</u> in this action (Dkt. #15) is DENIED.

Entered this 21st day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge