IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADEKUNLE RAZAQ ADEFEYINTI,

           Plaintiff,                          ORDER

    v.

                                                08-cv-426-slc

DR. JAMES REED and
MR. MICHAEL CARR,

           Defendants.

---

In this case plaintiff was allowed to proceed *in forma pauperis* on his claim that defendants Dr. James Reed and Michael Carr failed to respond to his ongoing and deteriorating lung infection, causing him unnecessary and serious pain, in violation of the Eighth Amendment. On October 3, 2008, I denied plaintiff's motion for appointment of counsel.

Now plaintiff moves reconsideration of that order. Because plaintiff now has provided a list of names and addresses of five lawyers who have declined to represent him, he has shown that he has made reasonable efforts to find a lawyer on his own. However, I must deny his motion for reconsideration.

In his motion, petitioner argues that his imprisonment will greatly limit his ability to litigate the complex issue in this case and that he has limited access to a law library because he has been transferred to the Tri-County Detention Center in Ullin, Illinois. However, as I explained in the September 4 order, plaintiff's claim is not legally complex but rather a straightforward Eighth Amendment claim that defendants were deliberately indifferent to

his serious medical need. Further. plaintiff has personal knowledge of the facts concerning the denial of medical treatment at the Federal Correctional Institution in Oxford, Wisconsin and can submit an affidavit concerning these facts to oppose a motion for summary judgment if one is filed. If plaintiff needs his own medical records to corroborate the assertions in his affidavit, he can obtain these records by requesting them in writing from the institution where the records are located. Thus, plaintiff should be able to produce evidence relating to his claim without needing the help of a lawyer to obtain it.

Also plaintiff argues that he should be appointed counsel because a lawyer would be able to better present the evidence at trial and cross-examine witnesses. Because it is too early to tell whether this case will survive dispositive motions, I will not consider whether plaintiff possesses the skills to present his case at trial. In sum, I can conceive of no reason why plaintiff cannot prosecute his claim on his own at this time. Therefore, I will deny his motion for reconsideration of my October 3, 2008 order.

ORDER

IT IS ORDERED that plaintiff's motion for reconsideration of the denial of his

motion for appointment of counsel, dkt. #17, is DENIED.

Entered this 25th day of November, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge