IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADEKUNLE RAZAQ ADEFEYINTI

                    Plaintiff,                    ORDER

    v.

                                          08-cv-426-slc

DR. JAMES REED and
MR. MICHAEL CARR,

                    Defendants.

---

Plaintiff is proceeding *in forma pauperis* in this case on his claim that defendants Dr. James Reed and Michael Carr were deliberately indifferent to an infection in his lungs, in violation of the Eighth Amendment. Now plaintiff has filed a document titled "Emergency Motion to Stay of Deportation Pending Conclusion of this Lawsuit (dkt. #35).

In support of his motion, plaintiff says that if he is deported while this case is pending, he will be unable to litigate it to conclusion. He asks that this court enjoin the Immigration and Customs Enforcement Department of Homeland Security from deporting him. The motion will be denied.

As an initial matter, plaintiff's motion is devoid of any facts to suggest that 1) an immigration judge has ordered his deportation; 2) he has challenged the order of deportation through appropriate administrative channels; 3) he applied for a discretionary stay of deportation; and 4) his request was denied. Even if plaintiff had made all these showings,

he has cited no persuasive authority to suggest that this court has jurisdiction to review a decision to deny his request for a stay and I am aware of none.

In Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471 (1999), the United States Supreme Court held that 8 U.S.C. § 1252(g) precludes judicial review of the Attorney General's discretionary decision to execute a removal order. Section 1252(g) states:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

A request for a stay of deportation constitutes a request for review of a decision to execute a removal order. Fedorca v. Perryman, 197 F.3d 236, 240 (7th Cir. 1999). Therefore, plaintiff's request for relief is barred under 8 U.S.C. § 1252(g).

ORDER

IT IS ORDERED that plaintiff's "Emergency Motion to Stay of Deportation Pending Conclusion of This Lawsuit" (dkt. #35) is DENIED.

Entered this 23rd day of April, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

2